Frank Jackson, Bruce Anton, Dallas, for appellant.

Gerald W. Cobb, Denton, for appellee.

**Randy KAISNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 88 212 CR.**

Court of Appeals of Texas,
Beaumont.

May 24, 1989.

OPINION

BURGESS, Justice.

A jury convicted appellant of bribery and assessed his punishment at two years' confinement in the Texas Department of Corrections while recommending the prison term be probated. Appellant brings forth four points of error.

Appellant was the sheriff of Denton County, Texas, having taken office in January, 1985. In March, 1988, he was on the ballot for reelection in the Republican Party primary. Appellant received 41% of the votes cast in the first primary and was to meet Kirby Robinson in a runoff election to

be held in April, 1988. A political advisor of Sheriff Kaisner met with Robinson and offered him the job of chief deputy if Robinson would withdraw from the runoff election. The sheriff denied authorizing the advisor to make any such offer. Kaisner subsequently lost the election and was indicted. The indictment, omitting the formal parts, stated:

> "Jack Ehrhart and Randy Kaisner ... did then and there intentionally and knowingly offer and agree to confer a benefit upon Kirby Robinson, who was then and there a public servant in that the said Kirby Robinson was a candidate for the Republican Party's nomination for the office of Sheriff of Denton County, Texas, and said offer and agreement to confer a benefit was in consideration for Kirby Robinson's decision to withdraw from the Republican Party Primary Run–Off Election for Denton County, Texas, Sheriff scheduled to be held on April 12, 1988, and said offer was that in consideration for the decision to withdraw from said election, that Kirby Robinson would receive the job of Chief Deputy of the Denton County, Texas, Sheriff's Department on March 14, 1988, which job would carry an annual salary of $32,000...."

Appellant's first three points of error state:

1. "The indictment fails to state an offense cognizable in Texas because the offer of a job to an office seeker in return for withdrawal from candidacy does not constitute bribery."

2. "The evidence of guilt is insufficient to sustain the conviction because the offer of a job to an office seeker in return for withdrawal from candidacy does not constitute bribery."

3. "The evidence of guilt is insufficient to sustain a conviction because the offer of a job to an office seeker in return for withdraw [sic] from candidacy does not constitute bribery and is a common law exception to the offense of bribery."

Appellant begins his argument with these statements:

1. This does not diminish the power of a prosecutor to exercise discretion in seeking and/or prosecuting charges.

> "The prosecutor has constructed a prosecution which is contrary to the traditional concept of bribery and is not one envisioned by the drafters of the constitution or the legislature. In so doing, the state has utterly blurred the distinction between making decisions as a public servant and deciding to *be* a public servant." (emphasis in original)

However, this ignores the statutory definition of public servant. *TEX.PENAL CODE ANN. sec. 1.07(30)* (Vernon 1974) states:

> "(30) 'Public servant' means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if he has not yet qualified for office or assumed his duties:

> \* \* \* \* \* \*

> "(E) a candidate for nomination or election to public office; ...."

■ As a candidate in a party primary, Robinson was clearly a public servant under the Code. The decision to withdraw from the runoff would have been the exercise of discretion as a public servant. Under *TEX.PENAL CODE ANN. sec. 36.01(5)* (Vernon 1989), the offer of the job was the offer of a benefit. The indictment alleges all the necessary elements of the offense of bribery. Point of error number one is overruled.

While appellant denied authorizing an offer to Robinson, he does not take serious issue with the State's proof of the underlying factual allegations. Rather, appellant argues the facts do not constitute the offense of bribery. Appellant's argument is that the offer of a job to a political opponent falls within the traditional notion of political patronage and is therefore outside the statutory prohibition. We disagree. No such exception, justification or defense was authorized by the legislature. While it may have been acceptable or traditional behavior in Texas or other jurisdictions to "buy off" opponents, it is certainly within the province of the legislature to criminalize such acts.[1] These two points of error are overruled.

■ The final point of error alleges error in charging the jury on a portion of the election law. The jury was charged on a provision concerning the timing and the effect of the withdrawal of candidates and further charged that ignorance of the law is no defense. This portion of the charge was obviously prompted by appellant's testimony that he did not know of any Election Code provision wherein a candidate only had ten days after the first primary to withdraw from the runoff. This inclusion is of questionable value to the jury in determining the elements of bribery. However, appellant must show that the inclusion was an error calculated to injure his rights. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (opinion on rehearing). In making this determination, we must review the entire record to illuminate the actual harm, if any. We find none. This point of error is overruled.

The judgment is affirmed.