Randy **KAISNER**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 948–89.

Court of Criminal Appeals of Texas.

Oct. 4, 1989.

Dissenting Opinion Nov. 22, 1989.

Rehearing denied Nov. 22, 1989.

Frank Jackson and Bruce Anton, Dallas, for appellant.

Jerry Cobb, Dist. Atty., Lee Gabriel, Asst. Dist. Atty., Denton, and Robert Huttash, State's Atty., Austin, for the State.

PER CURIAM.

Petition for discretionary review refused.

MILLER, Judge, dissenting to denial of appellant's petition for discretionary review.

Appellant was convicted by a jury of bribery pursuant to Section 36.02(a)(1) of the Penal Code. The jury also assessed punishment at two years confinement which was probated. The court of appeals affirmed appellant's conviction in a published opinion. *Kaisner v. State,* 772 S.W.2d 528 (Tex.App.—Beaumont 1989). In his petition, appellant raises three grounds for review alleging the court of appeals erred in holding the indictment stated an offense cognizable under the laws of this state and that the evidence was sufficient to sustain the conviction. This Court refused appellant's petition on October 4, 1989. Because I believe the court of appeals has incorrectly interpreted the bribery statute, and

thereby erroneously overruled appellant's contentions on appeal, I dissent to the refusal of appellant's petition.

The court of appeals' opinion stated the relevant facts of this case:

Appellant was the sheriff of Denton County, Texas, having taken office in January, 1985. In March, 1988, he was on the ballot for reelection in the Republican Party primary. Appellant received 41% of the votes cast in the first primary and was to meet Kirby Robinson in a runoff election to be held in April, 1988. A political advisor of [appellant's] met with Robinson and offered him the job of chief deputy if Robinson would withdraw from the runoff election. The sheriff denied authorizing the advisor to make any such offer. [Appellant] subsequently lost the election and was indicted.

The indictment alleged in pertinent part:

Jack Ehrhart and Randy Kaisner ... did then and there intentionally and knowingly offer and agree to confer a benefit upon Kirby Robinson, who was then and there a public servant in that the said Kirby Robinson was a candidate for the Republican Party's nomination for the office of Sheriff of Denton County, Texas, and said offer and agreement to confer a benefit was in consideration for Kirby Robinson's decision to withdraw from the Republican Party Primary Run–Off election for Denton County, Texas, Sheriff scheduled to be held on April 12, 1988, and said offer was that in consideration for the decision to withdraw from said election, that Kirby Robinson would receive the job of Chief Deputy of the Denton County, Texas, Sheriff's Department on March 14, 1988, which job would carry an annual salary of $32,000 ...

In the court of appeals, appellant contended the indictment failed to allege an offense under the laws of this state because offering a job to an office seeker in return for withdrawal from candidacy did not constitute bribery. The court of appeals overruled this contention, holding that the indictment alleged all the necessary elements of the offense of bribery under § 36.02. Section 36.02(a)(1), under which appellant was charged, defines bribery as:

A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another:

any benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other *exercise of discretion* as a public servant, party official, or voter; ... (emphasis added)

The court of appeals specifically found Robinson was "clearly a public servant under the [Penal] Code," the decision to withdraw from the runoff would have been the exercise of discretion as a public servant, and the offer of the job was the offer of a benefit. Thus, to the court of appeals, all the necessary elements of the offense were alleged in the indictment.

I have no quarrel with the court of appeals' conclusion that Robinson is a public servant within the meaning of V.T.C.A. Penal Code § 1.07(a)(30)(E), *viz:* a candidate for nomination or election to public office, or that the offer of the job was the offer of a benefit. I do not agree, however, with the court of appeals' determination that the decision to withdraw from the primary runoff was an "exercise of discretion as a public servant" as contemplated by the penal statute, and thus I would grant appellant's petition to review this holding.

In his petition, appellant submits the State's theory of prosecution was that the decision to seek or maintain office is an exercise of discretion with the meaning of the bribery statute. Although such a decision is within a person's discretion, this decision is not one made *"as a public servant"* in his official capacity, but rather a *personal* decision as to whether to seek or keep a particular job. I agree with appellant that the State, and thus now the court of appeals, has blurred the distinction between making decisions *as* a public servant and deciding to *be* a public servant. I believe, as appellant advocates in his petition, that the emphasis of § 36.02(a)(1) is upon the discretion exercised by the public

servant in his course of business and not upon his decision to seek office. This latter situation is presented in this case; the facts establish appellant only asked Robinson not to seek office.

Appellant presents in his petition several factual scenarios which demonstrate the fallacy of the State's position and the court of appeals' holding in this case, which in effect is that any person who offers a job to a public servant in order to dissuade him from seeking or maintaining office is guilty of bribery under § 36.02(a)(1). The scenarios presented by appellant are:

1. Candidate A has filed for a congressional bench. Prior to the election, a vice-presidential position comes open and the candidate for president offers the office seeker the vice-presidential post. The president and office seeker would be guilty of bribery. E.g. Dukakis's loss saved Lloyd Bentsen a jail term.

2. Judge is sitting on the district court bench. An appellate judge passes away during mid-term. The governor offers Judge B the now open bench. The governor and the judge are guilty of bribery. E.g. Barbara Culver's appointment to the Texas Supreme Court.

3. At a party caucus candidates D and E announce their intentions to seek a certain bench. The party chairman dissuades D from seeking the bench, telling him to bide his time and wait in return for further party support. Party chairman and D are guilty of bribery. Under V.T.C.A. Penal Code § 1.07(a)(30)(E) a public servant may be a candidate for public office even if he has not yet qualified for that office (by paying filing fees).

4. State supreme court justice E decides the pay is too low and opens negotiations with a law firm to become a partner. He resigns mid-term to take a more lucrative position in private practice. Justice E and the law firm are guilty of bribery. E.g. John Hill resigned to take position with Houston law firm.

Appellant cites these scenarios to demonstrate his contention that the bribery stat-ute never intended to "proscribe intra-political party job concessions."

In conclusion, I would grant appellant's "motion for rehearing after petition for discretionary review refused" to address the court of appeals' opinion that the decision to withdraw from contention for a public position constitutes an exercise of discretion as a public servant. Since I disagree with this conclusion and would therefore find the facts of this case insufficient to support a conviction for bribery, I would grant appellant's petition to review the court of appeals' holding that the indictment alleged an offense and that the evidence was sufficient to support the conviction for bribery.

Accordingly, I dissent.

TEAGUE, J., joins.

DUNCAN, J., not participating.