Valencia v. SOT (Dissent)



















NUMBER 13-02-00020-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                                           

NATIVIDAD VALENCIA A/K/A TIVIE VALENCIA,                       Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                                           

On appeal from the 103rd District Court of Cameron County, Texas.
                                                                                                                                           

DISSENTING OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Dissenting Opinion by Justice Hinojosa

          The majority concludes that the evidence in this case is legally sufficient to support
appellant’s conviction for bribery. Specifically, the majority holds that the evidence of
appellant’s offer to vote for or recommend the appointment of two applicants for vacant
constable positions is commensurate with an offer of a “benefit” under the bribery statute. 
Because I conclude the evidence is legally insufficient, I respectfully dissent.
A. Sufficiency of the Evidence
          When we review the legal sufficiency of the evidence, we view all the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000); Rosillo v. State, 953 S.W.2d 808, 811 (Tex. App.–Corpus Christi 1997, pet. ref’d). 
We measure the legal sufficiency of the evidence by the elements of the offense as
defined by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997). In conducting this analysis, we may not re-weigh the evidence and
substitute our judgment for that of the jury. King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000). The standard is the same for both direct and circumstantial evidence cases. 
Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).
1. The Bribery Statute
          A person commits the offense of bribery if he intentionally or knowingly offers,
confers, or agrees to confer on another any benefit as consideration for the recipient’s
decision, opinion, recommendation, vote, or other exercise of discretion as a public
servant. Tex. Pen. Code Ann. § 36.02(a)(1) (Vernon 2003). “Benefit” means anything
reasonably regarded as a pecuniary gain or pecuniary advantage. Id. § 36.01(3). It is no
defense to prosecution under this section that a person whom the actor sought to influence
was not qualified to act in the desired way whether because he had not yet assumed office
or he lacked jurisdiction or for any other reason. Id. § 36.02(b).
2. Analysis
          In this case, in order to prove appellant guilty of bribery as indicted, the State was
required to show that Valencia (1) intentionally or knowingly (2) offered, conferred, or
agreed to confer (3) a benefit (4) as consideration for Josaphat Lozano and Juan
Rodriguez’s decision or exercise of discretion as public servants to hire or employ Rolando
Mancilla and Ofelio Muniz, respectively.
a. Lack of a Benefit
          In its opinion, the majority reasons that a single vote or recommendation equates
to a benefit under the penal code. I disagree. As defined in the penal code, “benefit”
means “anything reasonably regarded as pecuniary gain or pecuniary advantage . . . .” Id.
§ 36.01(3) (Vernon 2003). While I acquiesce in the fact that the legislature, by including
the descriptive phrase “reasonably regarded as” in the definition of a benefit, intended the
definition to be broader than mere “pecuniary gain or advantage,” the majority fails to
explain just how a single vote or recommendation can be reasonably regarded as
pecuniary in nature.
          The majority emphasizes the fact that appellant was a member of the Cameron
County Commissioners Court when he offered to support Lozano and Rodriguez for the
vacant constable positions.


 Yet, a county commissioner cannot unilaterally appoint an
individual to fill a vacancy in the constable’s office; rather it requires a majority of the
commissioners court to accomplish the same.


 Thus, at most, appellant offered one of
three votes necessary for the appointments of Lozano and Rodriguez to the positions of
county constable. This begs the question of how a single vote or recommendation can be
reasonably regarded as pecuniary in nature. The majority falls short in answering this
question. In fact, the only evidence the majority finds to substantiate its conclusion that
appellant’s vote or recommendation was a benefit as contemplated by the bribery statute
is the testimony of Lozano that the county constable position was paid an annual salary
of approximately $34,800. This evidence contemplates that appellant was offering a job
to Lozano and Rodriguez as part of the bribe. See Kaisner v. State, 772 S.W.2d 528, 529
(Tex. App.–Beaumont 1989, pet. ref’d) (offering job of chief deputy sheriff to candidate for
sheriff if he agreed to withdraw from runoff election). However, there is no evidence in the
record that appellant was offering or ensuring Lozano and Rodriguez the county constable
positions. It is undisputed that the only offer made was an offer to support Lozano and
Rodriguez for the vacant constable positions. While under certain circumstances a vote
or recommendation may be construed as a gain or advantage, the majority’s holding
effectively eradicates the pecuniary requirement from the bribery statute.
          To the contrary, offenses traditionally prosecuted under the bribery statute involve
the exchange of a benefit which can be readily valued in terms of money. See United
States v. Tunnell, 667 F.2d 1182, 1185-86 (5th Cir. 1982) (providing the services of a
prostitute at no cost to the recipient); Bates v. State, 587 S.W.2d 121, 126 (Tex. Crim. App.
1979) (paying a district judge $59,000 to receive a probated sentence); Roseman v. State,
382 S.W.2d 261, 263 (Tex. Crim. App. 1964) (paying police officer $20 to persuade him
not to arrest defendant in the future for violating the gaming and liquor laws); Smith v.
State, 959 S.W.2d 1, 21 (Tex. App.–Waco 1997, pet. ref’d) (providing round-trip plane
tickets, hotel accommodations, meals, ground transportation, and theater tickets at no cost
to defendant’s wife); Lima v. State, 788 S.W.2d 629, 630 (Tex. App.–Texarkana 1990, pet.
ref’d) (conferring a benefit of nine yards of concrete on city inspector in violation of
inspector’s duty imposed by law); Tweedy v. State, 722 S.W.2d 30, 31 (Tex. App.–Dallas
1986, pet. ref’d) (offering $200 to city construction inspector to allow defendant and his
work crew to dig trenches, lay pipe, and backfill the trenches without the inspector
examining the work); see also Black’s Law Dictionary 1131 (6th ed. 1990) (defining
“pecuniary” in part as something which can be valued in money). Even the lone case cited
by the majority in its analysis conforms with this line of cases. See Kaisner, 772 S.W.2d
at 529 (offering job of chief deputy sheriff to candidate for sheriff if he agreed to withdraw
from runoff election).
          In light of the established case law, I conclude that appellant’s vote or
recommendation is not reasonably regarded as a pecuniary gain or pecuniary advantage
as contemplated by the bribery statute. See Tex. Pen. Code Ann. § 36.01(3) (Vernon
2003). Thus, I would hold there is no evidence that appellant had a “benefit” to offer as
consideration for the alleged bribe. Accordingly, I would hold that a rational trier of facts
could not have found the essential elements of the offense of bribery beyond a reasonable
doubt. See Jackson, 443 U.S. at 319.
b. Lack of Discretion to Hire or Employ
          The State was also required to show that appellant made the offer of a benefit to
Lozano and Rodriguez as consideration for their decision or exercise of discretion as public
servants to hire or employ Rolando Mancilla and Ofelio Muniz, respectively.
          The “exercise of discretion” contemplated by the statute involves the discretion one
exercises in performing his duties as a public servant. In the instant case, however, the
public servant in question, the county constable, did not have an unfettered right to hire or
employ deputy constables. An elected constable who desires to appoint a deputy must
apply in writing to the commissioners court of the county and show that the appointment
is necessary to properly handle the business of the constable’s office originating in the
precinct. Tex. Loc. Gov’t Code Ann. § 86.011(a) (Vernon 1999). The county
commissioners court has the authority to approve and confirm the appointment, if it finds
the appointment of the deputy necessary. Id. In fact, it is an offense for an elected
constable to deputize someone without first obtaining approval from the commissioners
court. Tex. Loc. Gov’t Code Ann. § 86.011(d) (Vernon 1999). Thus, at most, a constable
has the discretion to nominate or appoint a candidate for a deputy constable position and
the candidate is hired only if the commissioners court gives its consent. As a county
commissioner, appellant knew this procedure.
          Accordingly, I conclude there is no evidence that hiring or employing Rolando
Mancilla or Ofelio Muniz was a “decision . . . or other exercise of discretion” of Lozano and
Rodriguez under the bribery statute. See Tex. Pen. Code Ann. § 36.02(a)(1) (Vernon
2003).
 
c. Bilateral Agreement
          Appellant also relies on the case of McCallum v. State, 686 S.W.2d 132 (Tex. Crim.
App. 1985). In that case, the defendant was convicted of bribery pursuant to an indictment
that alleged he conferred a benefit as consideration for the recipient’s vote as a juror in a
judicial proceeding. Id. at 136. After construing the language of the bribery statute, the
court of criminal appeals stated “we construe the offense, particularly where it alleges the
accused intentionally or knowingly conferred ‘a benefit as consideration for’ . . . as requiring
a bilateral arrangement – in effect an illegal contract to exchange a benefit as
consideration for the performance of an official function.” Id. Concluding there was no
evidence of a bilateral agreement between the defendant and the recipient of the benefit,
the court reversed the conviction and ordered a judgment of acquittal. Id. at 139. 
Likewise, in the instant case, there could be no agreement to hire or employ Rolando
Mancilla or Ofelio Muniz because Lozano and Rodriguez did not have the absolute
discretion to do so.



B. Conclusion
          Viewing the evidence presented at trial in the proper light, I conclude that a rational
trier of fact could not have found the essential elements of the offense of bribery beyond
a reasonable doubt. See Jackson, 443 U.S. at 319. Accordingly, I would hold that the
evidence is legally insufficient to sustain appellant’s conviction for two counts of bribery.
          I would sustain appellant’s first issue, reverse the trial court’s judgment, and render
a judgment of acquittal on the two counts alleged in the indictment. Therefore, I
respectfully dissent.

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Dissenting Opinion delivered and filed this the
24th day of June, 2004.