NUMBER 13-02-020-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

NATIVIDAD VALENCIA A/K/A “TIVIE” VALENCIA,               Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 103rd District Court
of Cameron County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Opinion by Justice Rodriguez

         Appellant, Natividad Valencia a/k/a Tivie Valencia, was tried before a jury and
convicted on two counts of bribery. See Tex. Pen. Code Ann. § 36.02(a)(1) (Vernon
2003). The trial court assessed a sentence of five years imprisonment, probated, and
a $1,500.00 fine. The trial court has certified that this case “is not a plea-bargain
case, and the defendant has the right of appeal.” See Tex. R. App. P. 25.2(a)(2). By
two issues, appellant contends the evidence is legally and factually insufficient to
support his conviction for bribery, and the trial court erred in admitting hearsay
evidence.


 We affirm. 
I. Background
         Valencia was one of five county commissioners in Cameron County, Texas,
when he was indicted for bribery. At the time of the offense, the commissioner’s
court was accepting applications to fill Cameron County Constable positions for
precinct four and precinct six. Josaphat “Hoss” Lozano and Juan Rodriguez applied
for the constable position in their respective precinct. During the time leading up to
the appointment of the constable positions, Commissioner Valencia communicated to
both Lozano and Rodriguez that he would vote for their appointment to constable, but
they in turn needed to hire Ofelio Muniz and Rolando Mancilla. The condition put on
Commissioner Valencia’s vote caused Rodriguez to withdraw his application and
ultimately resulted in Lozano contacting the district attorney’s office.
II. SUFFICIENCY OF THE EVIDENCE
         By his first issue, appellant contends the evidence is both legally and factually
insufficient to sustain a conviction for bribery.
 
A. Standard of Review
         In a legal sufficiency review, this Court must examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Evidence is not rendered insufficient
when conflicting evidence is introduced. Matchett v. State, 941 S.W.2d 922, 936
(Tex. Crim. App. 1996). The reviewing court must assume that the fact finder
resolved conflicts, including conflicting inferences, in favor of the verdict, and must
defer to that resolution. Id. 
         On appeal, we measure the legal sufficiency of the evidence by the elements of
the offense as defined by a hypothetically correct jury charge. Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge accurately sets out the law,
is authorized by the indictment, does not unnecessarily increase the State’s burden of
proof or unnecessarily restrict the State’s theories of liability, and adequately describes
the particular offense for which the defendant is being tried. Id. 
         We also measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. See Adi v.
State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref’d). In evaluating
the factual sufficiency of the evidence, this Court must complete a neutral review of
all the evidence. Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002);
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We must then determine
whether the proof of guilt is so obviously weak as to undermine confidence in the
jury’s determination or whether the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. King, 29 S.W.3d at 563; Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We are also required to accord due
deference to the fact-finder’s determinations on the weight and credibility of the
evidence and may not merely substitute our own judgment. Swearingen v. State, 101
S.W.3d 89, 97 (Tex. Crim. App. 2003). 
B. The Law
         Under section 36.02(a)(1) of the Texas Penal Code, a person commits the
offense of bribery if he intentionally or knowingly offers, confers, or agrees to confer
on another, or solicits, accepts, or agrees to accept from another any benefit as
consideration for the recipient’s decision, opinion, recommendation, vote, or other
exercise of discretion as a public servant, party official, or voter. Tex. Pen. Code Ann.
§ 36.02(a)(1) (Vernon 2003). It is no defense to prosecution that a person whom the
actor sought to influence was not qualified to act in the desired way whether because
he had not yet assumed office or he lacked jurisdiction or for any other reason. Id. §
36.02(b).
         Thus, to convict appellant on both counts of bribery under a hypothetically
correct jury charge, the State must prove that: (1) Natividad Valencia intentionally or
knowingly offered, conferred or agreed to confer a benefit as consideration for
Josaphat “Hoss” Lozano’s exercise of discretion or decision as a public servant to hire
or employ Rolando Mancilla; and (2) Natividad Valencia intentionally or knowingly
offered, conferred or agreed to confer a benefit as consideration for Juan Rodriguez’s
exercise of discretion or decision as a public servant to hire or employ Ofelio Muniz.


 C. Analysis
         Appellant contends the evidence is legally and factually insufficient to support
his conviction for bribery. Specifically, appellant challenges only the sufficiency of the
evidence regarding proof of (1) a bilateral agreement, and (2) a benefit.



1. Bilateral Agreement
         Before addressing this evidentiary issue, we must first determine whether proof
of a bilateral agreement was required. Appellant cites McCallum v. State, 686 S.W.2d
132, 136 (Tex. Crim. App. 1985), for the proposition that a bribery conviction requires
a bilateral agreement. McCallum involved a defendant in a civil suit who was
convicted of bribing a juror. The indictment in McCallum alleged that the defendant
conferred a benefit as consideration for the juror’s decision and vote. Id. The court
of criminal appeals in analyzing the “consideration” element of bribery, concluded that
when the indictment alleges the accused intentionally or knowingly “conferred” a
benefit as consideration, the State is required to prove “a bilateral arrangement – in
effect an illegal contract to exchange a benefit as consideration for the performance
of an official function.” Id. After reviewing the evidence presented at trial, the court
concluded there was no evidence of a bilateral agreement and reversed the conviction. 
Id. at 139.
         In response the State argues that McCallum is distinguishable under the facts
of this case, and that this Court should follow Martinez v. State, 696 S.W.2d 930
(Tex. App.–Austin 1985, pet ref’d). In Martinez, a police officer was found guilty of
the offense of bribery. Id. at 934. The indictment alleged in part that the officer
intentionally and knowingly solicited a benefit as consideration for the police officer’s
decision as a public servant. Id. at 930. The Austin court affirmed the conviction
holding that where it is alleged in the indictment that the accused “offered” or
“solicited” a benefit as consideration for an official act, it is not necessary to prove a
bilateral arrangement or unlawful contract. Id. at 933. The offense of bribery is
complete when the offer or solicitation is made. Id. The Martinez court distinguished
McCallum, finding that proof of a bilateral arrangement was necessary only where, as
in that case, the State was required by the allegations of the charging instrument to
prove that the benefit was in fact conferred or accepted. Id.
         In this case the indictment on each count of bribery stated that appellant
“intentionally or knowingly offered, conferred or agreed to confer a benefit . . . .” 
Because the indictment in this case alleges, in the disjunctive, that appellant offered
or conferred a benefit, the State was not required to prove, as in McCallum, that the
benefit was conferred. We therefore distinguish McCallum from the facts of this case,
and, following Martinez, conclude that the State was not required to prove the
existence of a bilateral agreement. See id. Thus, we need not reach appellant’s
sufficiency issue regarding a bilateral agreement.
2. Benefit
         Appellant also argues that the State failed to prove the “benefit” element of 
bribery. Appellant specifically complains that there is insufficient evidence to establish
a pecuniary gain.
         Section 36.01 of the Texas Penal Code defines a “benefit” as “anything
reasonably regarded as pecuniary gain or pecuniary advantage . . . .” Tex. Pen. Code
Ann. § 36.01(3) (Vernon 2003). In determining what may be included in the definition
of “benefit,” section 1.05(a) of the penal code instructs us not to apply a strict
construction to the law in question. Id. § 1.05(a). Rather, the provisions of the code
are to be construed “according to the fair import of their terms, to promote justice and
effect the objectives of the code.” Id. It is clear from the language of section 36.01,
that the Legislature intended not only to include “pecuniary gain” or “advantage” in the
definition of “benefit,” but also “anything reasonably regarded” as pecuniary gain or
advantage. Id. § 36.01(3). The inclusion of “anything reasonably regarded” broadens
the definition and allows latitude in its interpretation.
         A review of the record reveals appellant, as county commissioner, offered one
of three votes necessary for appointment to the position of county constable. Lozano
testified at trial that the county constable position was paid an annual salary of
approximately $34,800.00. Additionally, Lozano testified that he believed appellant
was offering him a job through his vote, and acknowledged that he was receiving a
substantial benefit and pecuniary gain. See Kaisner v. State, 772 S.W.2d 528, 529
(Tex. App.–Beaumont 1989, pet. ref’d) (stating that under the penal code, the offer
of a job was the offer of a benefit). 
         Reviewing this evidence in the light most favorable to the verdict, we conclude
any rational trier of fact could have found beyond a reasonable doubt that appellant’s
vote for a salaried county constable position, could be reasonably regarded as a
pecuniary gain or advantage and thus constituted a “benefit.” See Jackson, 443 U.S.
at 319. Therefore, the evidence is legally sufficient to sustain the conviction for the
offense of bribery. Moreover, as there is no contrary evidence, we cannot conclude
that the proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or that the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. See King, 29 S.W.3d at 563. Therefore, the evidence
is factually sufficient to support appellant’s conviction. Accordingly, we overrule
appellant’s first issue.
 
3. Discretion to Hire or Employ
         Although uncontested by appellant, the dissent addresses the sufficiency of the
evidence regarding the “exercise of discretion or decision as a public servant to hire
or employ” portion of the indictment, and concludes that there was no evidence
regarding this element. As a basis for this conclusion the dissent states that Lozano
and Rodriguez, as county constables, would not have the authority to hire or employ
deputy constables. However, the dissent ignores the plain language of section
36.02(b) which states that it is no defense that the person whom the actor sought to
influence was not qualified to act in the desired way. See Tex. Pen. Code Ann. §
36.02 (Vernon 2003). Under the penal code, whether Lozano or Rodriguez would
have the power to hire or employ deputy constables is not an issue. 
         Furthermore, the dissent relies on section 86.011(a) of the local government
code, which states the commissioners court shall approve and confirm the
appointment of the deputy only if the commissioners court determines that the
constable needs a deputy to handle the business of the constable’s office originating
in the precinct. Tex. Loc. Gov’t Code Ann. § 86.011(a) (Vernon 1999). Although the
dissent is correct that the employment of a deputy constable requires confirmation of
the commissioners court, section 86.011(a) does not give the commissioners court
any discretion to select the deputy constable or even to reject a particular candidate. 
See id. The only inquiry the commissioners court is allowed and required to make
under this section is whether a deputy constable is necessary to handle the precinct’s
business. The discretion to select the potential deputy constable lies within the
constable’s discretion. Accordingly, the hiring of Mancilla or Muniz would have been
a decision involving the exercise of Lozano’s and Rodriguez’s discretion. 
III. INADMISSIBLE HEARSAY
         In his second issue, appellant contends the trial court erred in admitting
prejudicial hearsay into evidence. Appellant complains of a letter offered by the State
that was admitted over appellant’s objection.
         This Court reviews the trial court’s decision to admit or exclude evidence under
an abuse of discretion standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex.
Crim. App. 1996). A trial court abuses its discretion when it acts without reference
to any guiding rules and principles or acts arbitrarily and unreasonably. Montgomery
v. State, 810 S.W.2d 372, 378-80 (Tex. Crim. App. 1990). We will not reverse a trial
court if its ruling is within the “zone of reasonable disagreement.” Id. at 391.
         Hearsay is a statement, other than one made by the declarant while testifying
at a trial or hearing, offered to prove the truth of the matter asserted. Tex. R. Evid.
801(d). When the State attempted at trial to introduce a letter allegedly written by
appellant, defense counsel promptly objected. In response to defense counsel’s
objection the trial court admitted the letter into evidence accompanied by a limiting
instruction that the letter was being admitted not to show that it came from the
defendant, but only to show that it was received by the witness. Since the letter was
not admitted to prove the truth of the matter asserted, but merely to show that the
witness received the letter, the hearsay rule does not bar this evidence. See City of
Austin v. Houston Lighting & Power Co., 844 S.W.2d 773, 791 (Tex. App.–Dallas
1992, writ denied). Therefore, there was no abuse of discretion. Appellant’s second
issue is overruled.
IV. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.                                                                               
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Dissenting Opinion by Justice Hinojosa.

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 24th day of June, 2004.